# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OHIO

## EASTERN DIVISION

| | | |
|---|---|---|
| **DALLAS FERRITTO,** | ) | |
| 121 East 206 Street | | |
| Euclid, Ohio 44123 | ) | |
| | | |
| Plaintiff, ) | | **C O M P L A I N T** |
| -vs- | | |
| | ) | Trial by Jury Endorsed Herein |
| | | |
| **CUYAHOGA COUNTY** | ) | |
| 2079 East Ninth Street | | |
| Cleveland, Ohio 44114 | ) | |
| | | |
| and | ) | |
| | | |
| **CLIFFORD PINKNEY,** individually and | ) | |
| in his official capacity as sheriff of | | |
| Cuyahoga County | ) | |
| 1215 West Third  Street | | |
| Cleveland, Ohio 44113 | ) | |
| | | |
| And | ) | |
| | | |
| **BRENDAN JOHNSON,** individually | ) | |
| and in his official capacity as corporal of | | |
| the office of sheriff of Cuyahoga County | ) | |
| 1215 West Third Street | | |
| Cleveland, Ohio 44113 | ) | |
| | | |
| Defendants. ) | | |

## INTRODUCTION

1. This is an action by private citizen for injuries arising out of, *inter alia*, violations of federally protected rights insured under the Fourth and Fourteenth Amendments to the Constitution of the United States. The plaintiff seeks declaratory and injunctive relief and damages.

## CLAIMS AND JURISDICTION

2. This action is initiated pursuant the Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress deprivations under law of rights, privileges and immunities secured to the plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution as a result of the permission of use of and use of excessive force by the defendants under color of law.

3. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4). To the extent state claims are asserted, plaintiff institutes this action pursuant to 28 U.S.C. §1367 and to the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 220l and 2202.

4. The claim arises in Cuyahoga County, Ohio within which the plaintiff resides and within which the defendants engaged in the actions set forth below.

5. At all times relevant to this complaint, defendants acted under color of law and under color of the official governmental policy, practice, regulations, customs and usages of official governmental authority.

## PARTIES

6.  Plaintiff, DALLAS FERRITTO, is a citizen of the United States and a resident of Euclid, Ohio.

7.  Defendant, CUYAHOGA COUNTY, is a public entity organized under the laws of the State of Ohio in Cleveland, Ohio.

8.  Defendant, CLIFFORD PINKNEY, is sheriff of Cuyahoga County, Ohio and is a defendant, individually and officially, is responsible for the administration of the Cuyahoga County jail and who permitted the unreasonable use of force under color of state law to deprive the plaintiff of rights afforded under the Fourth and Fourteenth Amendments to the Constitution of the United States as a result of the use of excessive force under color of law.

9.  Defendant, BRENDAN JOHNSON, as an officer and as a corporal  in the Sheriff's Department, is responsible for management and administrative duties, individually and officially, under color of state law to deprive plaintiff of rights afforded under the Fourth and Fourteenth Amendments to the Constitution of the United States in the use of excessive force under color of law.

## COUNT I

10. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully restated.

11. On February 25, 2015, plaintiff was remanded to serve a 30-day sentence in Cuyahoga County jail under the supervision of defendants for a probation violation.

12. On March 9, 2015, plaintiff became ill during a visitation with his parents in the Cuyahoga County jail.

13. Plaintiff experienced chest pains, shortness of breath and felt he was having a heart attack during the visitation at the Cuyahoga County jail.

14. Plaintiff told his parents who sought help from the Cuyahoga County Sheriff's Department staff by pressing an alert button for an emergency.

15. Corrections Officer Fletcher was dispatched to get plaintiff.

16. Corrections Officer Fletcher appeared to reject that plaintiff was experiencing a medical emergency and brought plaintiff to Johnson's office.

17. Plaintiff informed Johnson that he was feeling lightheaded, suffering from shortness of breath and asked to go to the medical dispensary.

18. Defendant Johnson disregarded plaintiff's physical symptoms and concerns regarding the serious health condition the plaintiff believed he was suffering.

19. Johnson asked plaintiff his age, eighteen, and rejected the possibility that he was suffering, ordering him to return to his pod

20. Plaintiff needed to be seated in a chair in defendant Johnson's office because of his lightheadedness.

21. Johnson approached the plaintiff and dragged him into the hallway while Corrections Officer Fletcher observed.

22. Plaintiff persisted in his complaint about his medical condition and requested to be taken to the medical dispensary.

23. In order to punish the plaintiff for speaking out about his perceived medical condition, Johnson literally dragged him down to the medical dispensary.

24. After arriving at the medical dispensary and waiting to have vitals taken by the nurse, plaintiff asked Johnson for his name and identification.

25. Johnson refused to disclose the information and told the plaintiff he did not have to give him the information.

26. Plaintiff expressed to Johnson that he should provide the information.

27. Accordingly, in further punishment for plaintiff's inquiry, Johnson with force compelled plaintiff to stand, resulting in plaintiff's collapse.

28. Johnson then aggressively pulled at plaintiff's right arm and shoulder causing injury.

29. Johnson then dragged the plaintiff into the hallway.

30. Johnson then yanked plaintiff's right arm behind his back and pushed plaintiff against a wall, causing further injury.

31. After about twenty (20) seconds, Johnson returned plaintiff to the medical dispensary to be triaged by a nurse.

32. Plaintiff was evaluated by a Dr. Yusef, who ordered an X-ray of plaintiff's arm and shoulder and prescribed pain medication for the injuries caused by Johnson.

33. The force used by Johnson under color of law was clearly unreasonable, unnecessary and excessive.

34. The force used by Johnson under color of law was done with deliberate indifference to his medical condition.

35. The force used by Johnson under color of law was done as a result of the proper exercise of plaintiff's right to inquire about Johnson's identity.

36. Johnson knew that he used and otherwise intended to use excessive force in order to cause physical and personal injury to the plaintiff.

37. As a result of Johnson's actions under color of law, plaintiff additionally suffered and continues to suffer substantial emotional distress.

38. As a result of the acts and conduct of the defendants, plaintiff suffered and continues to suffer substantial physical pain, emotional distress and fear that defendants will engage in acts and conduct adverse and detrimental to the safety and security of the plaintiff.

39. As part of defendants' conduct under color of law, plaintiff's right to be secure under the Fourth and Fourteenth Amendments to the Constitution of the United States from physical harm without cause was denied.

40. As part of defendants' conduct under color of law, plaintiff's right to be free from assault, battery and infliction of physical and emotional injuries under pendent state law was denied.

41. The actions of Johnson were intentional, malicious, callous, and deliberate and in wanton and reckless disregard of the rights and feelings of the plaintiff and otherwise designed to cause physical and emotional injury to the plaintiff.

## COUNT II

42. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully restated.

43. The acts and conduct of Johnson arose out of the failure of defendants Cuyahoga County and Pinkney to provide adequate training so defendant Johnson was aware that the use of unreasonable force would be in contravention of constitutional rights of persons in the Cuyahoga County jail.

44. The absence of clear governmental policy and sufficient instruction of Johnson and others who work in the Cuyahoga County jail that the use of unreasonable force would be in contravention of constitutional rights of persons in the Cuyahoga County jail resulted in the injuries plaintiff suffered.

45. The injury of the plaintiff occurred in absence of any governmental consequence from defendant Cuyahoga County and defendant Pinkney.

46. The failure to provide policy, education and sanctions for the use of excessive force permitted defendant Johnson to engage in a pattern of unreasonable force involving the plaintiff implicitly authorized knowing official misconduct and deliberate indifference to the rights and safety of the plaintiff and others.

WHISEFORE, plaintiff urges this Court to grant the following relief:

A. Declare that the acts and conduct of the defendants in the use of excessive force constitutes violations of the rights of the plaintiff under the Fourth and Fourteenth Amendments to the Constitution of the United States in contravention of the Civil Rights Act of 1871, 42 U.S.C. § 1983 and which constitute pendent state claims of assault, battery and intentional infliction of emotional distress under state law;

B. Permanently enjoin the defendants, either individually or in concert with others, from retaliating against the plaintiff in the future arising out of the assertion of his rights protected under the Constitution of the United States;

C. Grant to the plaintiff and against the defendants appropriate compensatory damages and as to Defendant Brendan Johnson appropriate punitive and exemplary damages along with costs and statutory reasonable fees as expressly provided by law;

D. Grant any additional relief the Court deems just and equitable in order to advance the public interest.

*/s/ Avery Friedman*
Avery Friedman (0006103)
Laura Kramer Rubadue (0067656)
AVERY FRIEDMAN & ASSOCIATES
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114-3358
PHONE (216) 621-9282
FAX (216) 621-9283
avery@lawfriedman.com
laura@lawfriedman.com

*Attorneys for Plaintiff*

## TRIAL BY JURY DEMANDED

Plaintiff hereby demands trial by jury.

*/s/ Avery Friedman*
AVERY FRIEDMAN