# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DALLAS FERRITTO,** | CASE NO. 1:16CV475 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| **CUYAHOGA COUNTY, et al.,** | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #17) of Defendant Cuyahoga County to Dismiss Plaintiff's Amended Complaint. (The operative complaint for purposes of this opinion is the Second Amended Complaint (ECF DKT #21)). For the following reasons, the Motion is granted in part and denied in part.

## I. FACTUAL BACKGROUND

Plaintiff brings this action against Cuyahoga County; Frank Bova, individually and in his official capacity as Sheriff; and Brendan Johnson, individually and in his official capacity as Corporal in the Sheriff's Office under 42 U.S.C. § 1983, for constitutional violations due to excessive force, lack of training and failure to discipline.

On February 25, 2015, Plaintiff was ordered to serve a 30-day sentence in Cuyahoga County Jail for a probation violation. During a visitation with his parents on March 9, 2015, Plaintiff experienced chest pains and shortness of breath and feared that he was having a heart attack. His parents pressed an emergency alert button. Corrections Officer Fletcher responded and brought Plaintiff to Defendant Johnson's office. Allegedly, Defendant Johnson disregarded Plaintiff's heart complaints and requests to go to the medical dispensary because he did not believe his symptoms were likely in an eighteen-year-old. Plaintiff persisted and Defendant Johnson "literally dragged him down to the medical dispensary." While waiting for the nurse, Plaintiff asked for Defendant Johnson's name and identification. Defendant refused; and then compelled Plaintiff to stand, pulled at Plaintiff's right arm and shoulder, yanked his right arm behind his back and pushed him against the hallway wall.

In Count I, Plaintiff alleges that the force used by Defendant Johnson, under color of law, was unreasonable, unnecessary, excessive and done with deliberate indifference to his medical condition. Plaintiff further alleges that Defendant Johnson's actions constituted assault, battery and intentional infliction of emotional distress under state law. In Count II, Plaintiff alleges that Defendants Cuyahoga County and Sheriff Frank Bova failed to provide adequate training and sufficient instruction so that County Jail Officers would be aware that unreasonable force would violate the constitutional rights of persons, like Plaintiff, in the County Jail. Defendants Bova and the County failed to provide policy, education and discipline; and implicitly authorized Jail employees' misconduct with deliberate indifference to the rights and safety of Plaintiff and others.

In the Motion before the Court, Defendant Cuyahoga County argues that Plaintiff's

Complaint fails to state a claim against the County and the Sheriff upon which relief may be granted.

## II. LAW AND ANALYSIS

**Standard of Review**

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**42 U.S.C. § 1983 claims**

Municipalities, counties and other governmental entities cannot be held liable for an injury inflicted solely by their employees or agents unless there is a direct causal link between a governmental policy or custom and the alleged constitutional tort. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005); *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556-57 (6th Cir. 2005). A plaintiff, therefore, must show that an unconstitutional policy or custom existed, that it was connected to the county or other governmental entity, and that the policy or custom caused the constitutional violation he suffered. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993); see also *Ford v. Cnty of Grand Traverse*, 535 F.3d 483, 494-99 (6th Cir. 2008). A local government may not be sued under § 1983 for an injury inflicted simply because it employed a tortfeasor. That is, the doctrine of respondeat superior does not apply to § 1983 suits. *Monell*, 436 U.S. at 691; *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005).

The Supreme Court has ruled that inadequacy of training may serve as a basis for § 1983 governmental liability, but only where the failure to train amounts to deliberate indifference to the rights of persons with whom officers come into contact. *City of Canton,*

*Ohio v. Harris*, 489 U.S. 378, 388 (1989).  If a plaintiff does not show that the county knew of misconduct by its employees and failed to respond, the plaintiff has failed to demonstrate deliberate indifference.  *St. John v. Hickey*, 411 F.3d 762, 776 (6th Cir. 2005).

To sufficiently state a § 1983 claim against a county based upon inaction, the plaintiff must allege: (1) the existence of a clear and persistent pattern of violating federal rights; (2) notice or constructive notice on the part of the county; (3) the county's tacit approval of the unconstitutional conduct, such that its deliberate indifference in failing to act amounts to an official policy of inaction; and (4) a direct causal link between the county's custom and the constitutional deprivation.  *Powers v. Hamilton Cnty. Public Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007).

Official capacity suits should be construed as brought against the governmental entity itself.  See *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).

**Sovereign immunity**

Ohio Revised Code § 2744.02(a)(1) provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

**State claims against Cuyahoga County**

Plaintiff alleges that Defendants' conduct violated his right to be free from assault, battery and infliction of physical and emotional injuries under state law.  In the Motion to Dismiss, Defendant Cuyahoga Count asserts entitlement to statutory immunity.

Cuyahoga County is an Ohio political subdivision.  Moreover, the operation of a jail

or corrections facility is a governmental function. Ohio Revised Code § 2744.01(C)(2)(h). Plaintiff's asserted state law injuries stem from the performance of this governmental function and Plaintiff does not allege that any exceptions apply. Accordingly, Defendant Cuyahoga County is entitled to statutory immunity from Plaintiff's state law tort claims.

Ohio Revised Code § 2744.03(A)(6) extends immunity to all employees of a political subdivision for actions taken in connection with a governmental function *unless the employee's conduct was malicious, in bad faith, or wanton or reckless*. Ohio Revised Code § 2744.03(A)(6)(b). At this juncture, and in the absence of fact discovery to establish or negate malice, bad faith, wantonness or recklessness, employees of Cuyahoga County like Bova and Johnson are not entitled to dismissal of any state law claims against them.

**42 U.S.C. § 1983 claims against Bova and Johnson in their official capacities**

The Court holds that a suit against a governmental employee in his official capacity is the equivalent of a suit against the public entity itself. *Holt*, 469 U.S. at 471-72; *Shamaeizadeh*, 338 F.3d at 556. Since they are duplicative of Plaintiff's claims against the County of Cuyahoga, the § 1983 claims against Bova and Johnson in their official capacities are dismissed.

**42 U.S.C. § 1983 failure to train claim**

In his Second Amended Complaint, Plaintiff alleges that the County's improper and/or inadequate training practices, policies, procedures and customs regarding the use of force by County Jail officers demonstrate a deliberate indifference to his and other citizens' civil rights. Following *Monell*, the Sixth Circuit has recognized that a plaintiff may look to several scenarios to establish a local government's illegal policy or custom: (1) the

governmental entity's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *Lausin v. Bishko*, 727 F.Supp.2d 610, 629 (N.D.Ohio 2010) (citing *Thomas v. Chattanooga*, 398 F.3d 426, 429 (6th Cir.2005)).

In the instant matter, the Court makes no determination upon the ultimate success of Plaintiff's failure to train claims. However, in view of the recognized avenues by which Plaintiff may provide evidence demonstrating the County's liability, the Court believes that his *Monell* cause of action is plausible, and survives dismissal at this time.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #17) of Defendant Cuyahoga County to Dismiss Plaintiff's Second Amended Complaint is granted in part and denied in part.

**IT IS SO ORDERED.**

**DATE: 10/20/17**

                                          **s/Christopher A. Boyko**
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**