UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALLAS FERRITTO, | ) | CASE NO. 1:16CV475 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CUYAHOGA COUNTY, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Defendant Frank Bova's Motion to Dismiss (ECF DKT #28). For the following reasons, the Court grants Bova's Motion to Dismiss.

**FACTUAL HISTORY**

Plaintiff makes the following allegations in his Second Amended Complaint (ECF DKT #21). On March 9, 2015, Plaintiff became ill during a visit with his parents in the Cuyahoga County jail. (ECF DKT #21, ¶ 12). Plaintiff's parents sought help from the Cuyahoga County Sheriff's Department by pressing the alert button for an emergency and Corrections Officer Fletcher was dispatched to get Plaintiff. (ECF DKT #21, ¶ 14, 15). Fletcher brought Plaintiff to

Brendan Johnson's office where Plaintiff informed Johnson that he was not feeling well. (ECF DKT #21, ¶ 16, 17). Johnson disregarded Plaintiff's symptoms and concerns regarding his health and ordered Plaintiff back to his pod. (ECF DKT #21, ¶ 18, 19). Johnson then dragged Plaintiff into the hallway while Fletcher observed. (ECF DKT #21, ¶ 21).

Plaintiff persisted in his complaint regarding his medical condition and asked to be taken to the medical dispensary. (ECF DKT #21, ¶ 22). In response, Johnson dragged him to the medical dispensary. (ECF DKT #21, ¶ 23). Once at the medical dispensary, Plaintiff asked Johnson for his name and identification and Johnson refused to provide Plaintiff with the information. (ECF DKT #21, ¶ 24, 25). As punishment for Plaintiff's inquiry, Johnson compelled Plaintiff to stand, causing Plaintiff to collapse. (ECF DKT #21, ¶ 27). Johnson then pulled at Plaintiff's right arm and shoulder, causing injury, and subsequently dragged Plaintiff into the hallway where he yanked Plaintiff's right arm behind his back and pushed him up against a wall, causing further injury. (ECF DKT #21, ¶ 28-30).

Plaintiff alleges that Johnson's acts and conduct arose out of the failure of Defendants Cuyahoga County and Bova to provide adequate training to Johnson. (ECF DKT #21, ¶ 43). As a result, Johnson was not made aware that the use of unreasonable force would violate the constitutional rights of persons in the Cuyahoga County jail. (ECF DKT #21, ¶ 43). Plaintiff further alleges that the absence of clear governmental policy and sufficiently instructing Johnson that the use of unreasonable force would violate the constitutional rights of those in the jail resulted in Plaintiff's injuries. (ECF DKT #21, ¶ 44). Plaintiff also indicates that neither Cuyahoga County nor Bova disciplined Johnson. (ECF DKT #21, ¶ 45). Plaintiff alleges that failure to provide policy, education and sanctions for the use of excessive force permitted

Johnson to engage in a pattern of unreasonable force involving Plaintiff, which shows Defendants implicitly authorized official misconduct and were deliberately indifferent to Plaintiff's rights and safety. (ECF DKT #21, ¶ 46).

Based on the foregoing allegations, Plaintiff alleges that Defendant's actions and conduct using excessive force violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in contravention of the Civil Rights Act of 1871, 42 U.S.C. § 1983. (ECF DKT #21, ¶ 46). Bova has filed a Motion to Dismiss the claims against him. (ECF DKT #28).

## LAW AND ANALYSIS

### I. Legal Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations set forth in the complaint. *Ashcroft v. Iqbal*, 550 U.S. 544, 555 (2007). If the complaint contains sufficient factual allegations that, when accepted as true, "state a claim to relief that is plausible on its face," the complaint will survive the motion to dismiss. *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. While the complaint need not contain "detailed factual allegations," it must contain more than "a formulaic recitation of the elements of a cause of action." *Hensley Mfg. v. Pro-Pride, Inc.*, 589 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

### II. Plaintiff's 42 U.S.C. § 1983 Claim Against Bova

Bova has moved to dismiss all claims against him for failure to state a claim. In his

Complaint, Plaintiff alleges that in his capacity as sheriff of Cuyahoga County, Ohio, Bova failed to adequately train, provide policy, educate and sanction Johnson. As a result of Bova's failures, Plaintiff alleges that Johnson was not made aware that his use of unreasonable force violated Plaintiff's constitutional rights. Plaintiff now seeks to hold Bova liable under 42 U.S.C. § 1983 for violations of Plaintiff's Fourth and Fourteenth Amendment rights.

### A. Bova is Entitled to Qualified Immunity

When government officials acting under color of state law commit violations of constitutional rights, they are generally subject to liability under 42 U.S.C. § 1983. *Peatross v. Cty. of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016). The doctrine of qualified immunity, however, protects government officials from liability "insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether a government official is entitled to qualified immunity, the court conducts a two-part analysis. The court must determine: 1) whether the officer's conduct violated Plaintiff's constitutional right and 2) whether "the right was clearly established" at the time of the violation. *Silberstein v. Cty. of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006). The court has the authority to decide which prong of the analysis it wishes to address first. *Peatross,* 818 F.3d at 240.

### B. Bova Cannot be Subject to Liability Under a Theory of *Respondeat Superior*

Plaintiff seeks to hold Bova liable under a claim of supervisory liability. It is well-settled that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior.*" *Peatross,* 818 F.3d at 241 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)). Stated differently, a supervisor cannot be held

4

liable for the actions of his subordinates solely because he was charged with overseeing those subordinates. *Peatross*, 818 F.3d at 241 (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)).

Further, a supervisor's mere failure to act will not be sufficient to attach liability as "[t]here must be some conduct on the supervisor's part to which the plaintiff can point that is directly correlated with the plaintiff's injury." *Peatross*, 818 F.3d at 241 (quoting *Essex v. Cty. of Livingston*, 518 Fed. Appx. 251, 257 (6th Cir. 2013)). Additionally, "[a] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Sixth Circuit has interpreted this to mean that, "at a minimum," plaintiff is required to show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.; see also Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008).

In order for Plaintiff's Complaint to survive a motion to dismiss, Plaintiff must sufficiently allege facts that Bova authorized, approved or knowingly acquiesced in Johnson's unconstitutional conduct. Plaintiff's Complaint does allege that Bova's failure to provide policy, education or sanctions for the use of excessive force implies that Bova implicitly authorized the misconduct and was deliberately indifferent to it. (ECF DKT #21, ¶ 46). While implicit authorization is often sufficient to attach supervisory liability, that is not the case where the only allegation of implicit authorization is a supervisor's failure to act. Plaintiff's Complaint is devoid of any allegation that Bova took any action or engaged in conduct that would allow the

5

Court to reasonably infer that Bova authorized Johnson's behavior.

Because Plaintiff must identify Bova's conduct that is directly correlated with his injury and Plaintiff has failed to do so, Plaintiff has failed to sufficiently allege that Bova is subject to supervisory liability under § 1983. As Bova is not subject to supervisory liability, he is protected by qualified immunity. "Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the defendant is entitled to a meritorious affirmative defense such as qualified immunity." *Peatross,* 818 F.3d at 240. Plaintiff has failed to state a claim for which relief can be granted under § 1983 and therefore, his claim against Defendant Bova is dismissed.

## **CONCLUSION**

For all the above-mentioned reasons, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES Plaintiff's claims against Defendant Bova without prejudice.

IT IS SO ORDERED.

                                         s/ Christopher A. Boyko
                                         CHRISTOPHER A. BOYKO
                                         United States District Judge

Dated: February 16, 2018