# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DALLAS FERRITTO,** | ) | CASE NO. 1:16CV475 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CUYAHOGA COUNTY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #45) of Defendant Brendan Johnson to Dismiss Second Amended Complaint. For the following reasons, the Motion is denied.

## I. BACKGROUND

Plaintiff brings this action against Cuyahoga County and Brendan Johnson, individually and in his official capacity as Corporal in the Sheriff's Office, under 42 U.S.C. § 1983, for constitutional violations due to excessive force, lack of training and failure to discipline.

On February 25, 2015, Plaintiff was ordered to serve a 30-day sentence in Cuyahoga

County Jail for a probation violation. During a visitation with his parents on March 9, 2015, Plaintiff experienced chest pains and shortness of breath and feared that he was having a heart attack. His parents pressed an emergency alert button. Corrections Officer Fletcher responded and brought Plaintiff to Defendant Johnson's office. Allegedly, Defendant Johnson disregarded Plaintiff's heart complaints and requests to go to the medical dispensary because he did not believe his symptoms were likely in an eighteen-year-old. Plaintiff persisted and Defendant Johnson "literally dragged him down to the medical dispensary." While waiting for the nurse, Plaintiff asked for Defendant Johnson's name and identification. Defendant refused; and then compelled Plaintiff to stand, pulled at Plaintiff's right arm and shoulder, yanked his right arm behind his back and pushed him against the hallway wall.

In Count I, Plaintiff alleges that the force used by Defendant Johnson, under color of law, was unreasonable, unnecessary, excessive and done with deliberate indifference to his medical condition. Plaintiff further alleges that Defendant Johnson's actions constituted assault, battery and intentional infliction of emotional distress under state law. In Count II, Plaintiff alleges that Defendant Cuyahoga County failed to provide adequate training and sufficient instruction so that County Jail Officers would be aware that unreasonable force would violate the constitutional rights of persons, like Plaintiff, in the County Jail. The County failed to provide policy, education and discipline; and implicitly authorized Jail employees' misconduct with deliberate indifference to the rights and safety of Plaintiff and others.

The original Complaint was filed on February 29, 2016, naming Cuyahoga County, Brendan Johnson and Clifford Pinkney, Sheriff. Defendant Johnson was not served.

The First Amended Complaint was filed on June 30, 2016, naming Cuyahoga County, Johnson and Bob Reid, Sheriff. Defendant Johnson was not served.

The Second Amended Complaint was filed on October 18, 2017, naming Cuyahoga County, Johnson and Frank Bova, Sheriff. Without seeking leave or an extension to complete service, Plaintiff filed a Return of Service on October 20, 2017, showing that the Complaint and Summons was hand-delivered to the Cuyahoga County Sheriff's Office addressed to Sheriff Bova and Corporal Johnson and signed for by a paralegal.

On November 9, 2017, Defendant Cuyahoga County filed a Motion to Quash. Although the County's counsel did not represent Johnson, they informed the Court that the October 2017 summons was inadvertently and mistakenly signed for. Neither Bova nor Johnson were employed at the Cuyahoga County Sheriff's Office on the date of service.

On December 7, 2017, Plaintiff filed another Return of Service without obtaining an extension of time to effect service. Certified mail service was made upon Defendant Johnson; however, the summons was accompanied by the original Complaint and not by the operative Second Amended Complaint.

On December 28, 2017, Defendant Johnson filed a Motion to Quash Improper Service.

On January 3, 2018, a Return of Service was filed, representing that certified mail service was made upon Defendant Johnson. However, the service issued from Plaintiff's counsel's office, admittedly not in compliance with Local Rule 4.2.

On January 24, 2018, Plaintiff corrected the error. Certified mail service of the Second Amended Complaint was completed upon Defendant Brendan Johnson on February 3,

2018.

On February 26, 2018, Defendant Brendan Johnson filed the within Motion to Dismiss the Second Amended Complaint for insufficient service of process. Defendant Johnson was not served within ninety days after the filing of the Complaint as required by Fed.R.Civ.P. 4(m) and Plaintiff did not seek and obtain an extension of time to effect service on him. In opposition, Plaintiff does not dispute the multitude of service failures. However, Plaintiff argues that the Court has the discretion to extend the time for service as an alternative to dismissal, even in the absence of good cause.

## II. LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Advisory Committee Notes for the 1993 amendments to Rule 4(m) require that the court grant additional time if good cause is shown, and authorize "the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." The Notes instruct further that relief may be justified, for example, when a statute of limitations would bar a subsequent refiling of the action. (Fed. R. Civ. P. 4 Advisory Committee's Note).

In the absence of good cause, Rule 4(m) permits the Court to exercise "discretion to extend the time for service as an alternative to dismissal." *Warrior Imports, Inc v. 2 Crave*, 317 F.R.D. 66, 70 (N.D. Ohio 2016). Five factors are relevant in determining whether a

Court will exercise this discretion: "(1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process." *Id.*

The Court recognizes that Defendant Johnson has been prejudiced by the lengthy passage of time and by the burden of filing several motions directed at failed service in this case. Moreover, Plaintiff has been admittedly and repeatedly negligent in attempting service on Johnson.

On the other hand, Defendant Johnson has had notice of this lawsuit, at a minimum when he was served with the wrong version of the Complaint. The only difference in the three Complaints was the naming of the proper Sheriff who was in office at the time of the alleged incident. The instant matter, although pending for a significant time, has not yet been set for trial and discovery is currently under way. If the case were to be dismissed, Plaintiff's claims would likely be barred by the one-year statute of limitations for assault and the two-year statute of limitations applicable to § 1983 actions. *Stafford v. Franklin County, Ohio*, 2005 WL 1523369 (S.D. Ohio June 28, 2005) ("[T]his Court notes that if this action is dismissed, it would appear that Plaintiff would be barred from re-filing his cause of action against Defendants. This factor weighs *strongly* in Plaintiff's favor.") (emphasis added); *Electrical Workers Local 58 Pension Trust Fund v. Rite Elec. Co.*, 2010 WL 4683883 (E.D. Mich. November 10, 2010) ("Whether an extension is given seems to turn primarily on

whether a refiled action would be time-barred").

Although procedural rules are not to be taken lightly, courts favor determining cases on their merits. *See Winston v. Bechtel Jacobs Co., LLC*, 2015 WL 1192704 at 6 (E.D. Tenn. March 16, 2015) ("Public policy favors disposition of cases on their merits); *Stafford v. Franklin County, Ohio*, 2005 WL 1523369 at 3 (S.D. Ohio June 28, 2005) ("At the outset, this Court notes that, in this Circuit, disputes should be resolved on their merits rather than procedural or technical grounds.").

### III. CONCLUSION

For these reasons therefore, Defendant's Motion (ECF DKT #45) to Dismiss Second Amended Complaint is denied. However, Plaintiff's counsel shall immediately contact Defendant Brendan Johnson's counsel and obtain the amount of reasonable fees and costs expended in connection with the motion practice on the insufficient service issue (specifically, ECF DKT #35; ECF DKT #37; & ECF DKT #45). Plaintiff shall reimburse Defendant's counsel for those fees and costs within thirty days.

**IT IS SO ORDERED.**

           **s/ Christopher A. Boyko**
           **CHRISTOPHER A. BOYKO**
           **United States District Judge**

**Dated: April 12, 2018**