**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DALLAS FERRITTO,** | ) | **CASE NO. 1:16CV475** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CUYAHOGA COUNTY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #56) of Plaintiff Dallas Ferritto to Vacate its Order and Reopen the Action Upon Cause Shown that Settlement Has Not Been Completed and Further Litigation is Necessary. For the following reasons, the Motion is denied.

**I. BACKGROUND**

On November 29, 2017, the Court conducted a Case Management Conference and set a Fact Discovery Deadline of April 14, 2018 and a Settlement Conference for April 17, 2018.

The Settlement Conference was held as scheduled. Plaintiff's counsel appeared in person, but Plaintiff was unable to appear because of his incarceration. Plaintiff's counsel

represented that he had authority to negotiate settlement on his client's behalf. That afternoon, Defendant Cuyahoga County provided Plaintiff's counsel with a videotape purporting to show excessive force involving Defendant Brendan Johnson at the jail. With the Court's assistance, and after significant give-and-take among the parties, a settlement was reached.

The Court entered its Settlement Order (ECF DKT #50) which recites in part: "The Court shall retain jurisdiction to (1) vacate this Order and reopen the action upon cause shown that settlement has not been completed and further litigation is necessary or (2) alter the terms of settlement and dismissal upon agreement of the parties."

On May 16, 2018, Defendant County sent Plaintiff's counsel a proposed settlement agreement for signature and requested completed W-9 forms. (ECF DKT #59-1). Defendant received no response.

Allegedly, Plaintiff was released from jail in July of 2018. Plaintiff met with his attorney, reviewed the videotape and rejected the settlement. There was no communication with opposing counsel or the Court until the filing of the instant Motion on October 9, 2018.

Plaintiff moves for an order vacating the dismissal on the basis of good cause. He insists that the videotape which was produced in April may have been altered and does not show Defendant Johnson engaging in excessive force. In support of his Motion, Plaintiff submits a *cleveland.com* article reporting that Cuyahoga County was ordered by the Court of Claims to produce videos of use-of-force incidents in the jail. Plaintiff seeks to have the case reopened, discovery resumed (particularly requiring Defendants to produce all unredacted videos of Defendant Brendan Johnson), and if a resolution cannot then be reached, proceed

with dispositive motions and trial.

## II. ANALYSIS

Although Plaintiff was incarcerated at the time of the Settlement Conference, his counsel did not request permission for his client to attend by phone nor did he seek a continuance until such time as his client would be available.

Plaintiff's counsel represented to the Court that he had full authority to settle the matter. In his current briefing, however, Plaintiff asserts that he authorized settlement but at a figure higher than that facilitated on April 17, 2018. (ECF DKT #61 at 3).

There was never any representation made to the Court or to opposing counsel that the settlement reached was conditional only — that is, dependent on the production of and Plaintiff's satisfaction with, the videotape provided by the County. The videotape at issue was apparently not shown to Plaintiff until three months after the settlement was accepted and the case was closed.

The cited article concerning the Court of Claims order pursuant to a public records request was published on February 26, 2018, a month and a half *before* the Settlement Conference.

The Fact Discovery Deadline was April 14, 2018. Plaintiff never moved for an extension, for a motion to compel production of the videotape or for a postponement of the Settlement Conference.

There is no affidavit from Plaintiff or from his attorney to establish the factual basis for vacating the dismissal and reopening the case.

## III. CONCLUSION

The Court finds that Plaintiff has not shown cause sufficient to justify vacating the settlement and reopening the litigation.

Therefore, the Motion (ECF DKT #56) of Plaintiff Dallas Ferritto to Vacate its Order and Reopen the Action Upon Cause Shown that Settlement Has Not Been Completed and Further Litigation is Necessary is denied.

**IT IS SO ORDERED.**

> s/ Christopher A. Boyko
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**

**Dated: December 18, 2018**